**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s)**: 15-2821

**Motion for**: leave to file an oversized brief

**Caption [use short title]**

U.S. Securities and Exchange Commission, Plaintiff-Appellee.

v.

Samuel E. Wyly and Donald R. Miller, Jr., Defendants-Appellants.

**Set forth below precise, complete statement of relief sought:**
Appellants seek permission to file an opening brief of no more than 16,500 words.

**MOVING PARTY**: Samuel E. Wyly and Donal R. Miller, Jr.
[ ] Plaintiff    [ ] Defendant
[✔] Appellant/Petitioner    [ ] Appellee/Respondent

**OPPOSING PARTY**: U.S. Securities and Exchange Commission

**MOVING ATTORNEY**: Kathleen M. Sullivan
**OPPOSING ATTORNEY**: Daniel Staroselsky
[name of attorney, with firm, address, phone number and e-mail]

Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Fl, New York, NY 10010
kathleensullivan@quinnemanuel.com 212-849-7000

U.S. Securities and Exchange Commission
100 F Street NE, Washington, DC 20549
StaroselskyD@sec.gov 202-551-5774

**Court-Judge/Agency appealed from**: U.S. District Court for the Southern District of New York (Scheindlin, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes  [ ] No (explain):

Opposing counsel's position on motion:
[✔] Unopposed  [ ] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes  [ ] No  [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below?  [ ] Yes  [ ] No
Has this relief been previously sought in this Court?  [ ] Yes  [ ] No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  [ ] Yes  [✔] No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes  [✔] No  If yes, enter date:

**Signature of Moving Attorney:**
s/ Kathleen M. Sullivan    **Date:** 11/20/15    Service by: [✔] CM/ECF  [ ] Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# 15–2821-cv

**In the**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

―◆◆◆―

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

–v.–

SAMUEL E. WYLY AND DONALD R. MILLER, JR.,
AS INDEPENDENT EXECUTOR,

*Defendants-Appellants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**MOTION FOR LEAVE TO FILE OVERSIZED BRIEF**

| | |
|---|---|
| Mark H. Hatch-Miller<br>SUSMAN GODFREY LLP<br>560 Lexington Avenue, 15th Floor<br>New York, New York 10022-6828<br>(212) 336-8330 | Kathleen M. Sullivan<br>Ellyde R. Thompson<br>QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>(212) 849-7000 |
| | Derek L. Shaffer<br>QUINN EMANUEL URQUHART &<br>    SULLIVAN, LLP<br>777 6th Street NW, 11th Floor |
| *Attorneys for Defendants-Appellants* | Washington, DC 20001<br>(202) 538-8000 |

November 20, 2015

Defendants-Appellants Samuel E. Wyly and Donald R. Miller, Jr., as Independent Executor, respectfully submit this motion, under Second Circuit Local Rule 27.1(e), for leave to file an opening brief of up to 16,500 words. Plaintiff-Appellee the United States Securities and Exchange Commission ("SEC") consents to this request. Appellants' brief is due December 4, 2015.

1. This case involves the appeal of an approximately $300 million judgment, entered after a five-week jury trial on liability and two bench trials at the remedy stage in this SEC civil enforcement action for securities violations dating back to the early 1990s.

2. In 2010, the SEC brought a civil enforcement action against Samuel E. Wyly and Charles J. Wyly, Jr. The SEC complaint contained allegations of securities law violations connected to the Wylys' establishment of a number of offshore trusts and subsidiary entities. The complaint alleged that the Wylys used those offshore entities to trade in shares of public companies on whose boards the Wylys served, and failed to properly disclose their beneficial ownership of stock in those companies.

3. The district court (Scheindlin, J.) bifurcated the liability and remedy stages of the trial. The court held a five-week jury trial on certain claims, including securities fraud in violation of section 10(b) of the Securities Exchange Act of 1934 and section 17(a) of the Securities Act of 1933, and failure to make various

disclosures, in violation of sections 13(d), 14(a), and 16(a) of the 1934 Exchange Act.

4. Following the jury verdict, the district court held two bench trials to determine two alternative methods of disgorgement. The district court based the first disgorgement order on an approximation of avoided taxes. The alternative disgorgement order measured trading profits from the sale of registered securities. The district court specifically provided that the alternative disgorgement order would apply only if an appellate court disagreed with the tax-avoidance measure of disgorgement.

5. A modest increase in the word limit for Appellants' opening brief is warranted for several reasons. *First*, the appeal involves two issues of first impression in this Court: (i) whether the five-year statute of limitations in 28 U.S.C. § 2462 applies to actions seeking disgorgement; and (ii) whether disgorgement for securities law violations may be ordered based on an approximation of the amount of avoided tax. Moreover, beyond the novelty of the tax-avoidance based measure of disgorgement, Appellants must address separately the alternative disgorgement order, which is built in as a fallback to the judgment being appealed.

6. *Second,* the record in this case is voluminous. It includes three trials: one five-week jury trial and two bench trials. The combined trial transcripts

exceed 6,000 pages and the record includes scores of exhibits. The parties have stipulated to filed a deferred appendix. ECF 38.

7. *Third*, the trial below involved conduct covering 13 years, dating back to the early 1990s, and resulted in significant judgment of $300 million, combined with an alternative judgment of nearly $200 million.

8. *Finally*, this proceeding is operating in parallel with bankruptcy and collection proceedings that deserve to be addressed in the briefing for the sake of completeness and context.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request leave to file an oversized brief of no more than 16,500 words.

DATED: November 20, 2015  QUINN EMANUEL URQUHART &
        New York, New York  SULLIVAN, LLP

By /s/ Kathleen M. Sullivan
   Kathleen M. Sullivan
   Ellyde R. Thompson
   QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   (212) 849-7000

   Derek L. Shaffer
   QUINN EMANUEL URQUHART &
   SULLIVAN, LLP
   777 6th Street NW, 11th Floor
   Washington, DC 20001
   (202) 538-8000

   Mark H. Hatch-Miller
   SUSMAN GODFREY, L.L.P.
   560 Lexington Avenue, 15th Floor
   New York, New York 10022-6828
   (212) 336-8330

   *Attorneys for Appellants*