# 15-2821-cv

## United States Court of Appeals
*for the*
## Second Circuit

U.S. SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

– v. –

DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of CHARLES J. WYLY, JR., AKA Charles J. Wyly, Jr.,

*Defendant-Relief Defendant-Appellant,*

LOUIS J. SCHAUFELE, III, MICHAEL C. FRENCH, DAVID MATTHEWS, SAMUEL E. WYLY,

*Defendants,*

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

### SUPPLEMENTAL BRIEF FOR APPELLANT

MARK H. HATCH-MILLER
SUSMAN GODFREY LLP
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
(212) 336-8330

KATHLEEN M. SULLIVAN
ELLYDE R. THOMPSON
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

DEREK L. SHAFFER
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
777 6th Street, N.W., 11th Floor
Washington, D.C. 20001
(202) 538-8000

*Attorneys for Appellant*

Date Filed: June 23, 2017

LISA WYLY, JOHN GRAHAM, KELLY WYLY O'DONOVAN, ANDREW WYLY, CHRISTINA WYLY, CAROLINE D WYLY, CHARLES J WYLY, III, EMILY WYLY LINDSEY, JENNIFER WYLY LINCOLN, JAMES W LINCOLN, CHERYL WYLY, EVAN ACTON WYLY, LAURIE WYLY MATTHEWS, MARTHA WYLY MILLER, EMILY WYLY, CHRISTIANA WYLY,

*Relief-Defendants.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................2

I. *KOKESH* REQUIRES REVERSAL OR VACATUR OF THE JUDGMENT .................................................................................................2

    A. *Kokesh* Confirms That The District Court Wrongly Substituted The Estate Following The Death Of Charles Wyly ..............................3

    B. If Disgorgement From The Estate Is Permitted, *Kokesh* Requires Vacatur And Remand To Determine The Post-2001 Disgorgement Award ........................................................................5

II. IF REMAND IS ORDERED, THIS COURT SHOULD FIRST DECIDE SEVERAL REMAINING ISSUES RAISED ON APPEAL............7

    A. This Court Should Hold The Tax-Based Disgorgement Award Improper .................................................................................7

    B. This Court Should Hold That The Trading-Profits Disgorgement Award Fails To Reasonably Approximate Any Unjust Enrichment.................................................................8

    C. This Court Should Hold The District Court Improperly Granted Judgment As A Matter Of Law On The Section 5 Claims ..................9

CONCLUSION ........................................................................................................10

# **TABLE OF AUTHORITIES**

**PAGE**

## **Cases**

*Austin v. United States*,
　　509 U. S. 602 (1993)..................................................................................4, 5

*Gabelli v. SEC*,
　　133 S. Ct. 1216 (2013).....................................................................................6

*Kokesh v. SEC*, No. 16-529,
　　2017 WL 2407471, -- S. Ct. -- (June 5, 2017).................................... 1, 2, 4, 6

*SEC v. Razmilovic*,
　　738 F.3d 14 (2d Cir. 2013) ...............................................................................9

*United States v. NEC Corp.*,
　　11 F.3d 136 (11th Cir. 1994) ...........................................................................3

## **Statutes**

26 U.S.C. § 7401 ........................................................................................................7

28 U.S.C. § 2462 ................................................................................................1, 2, 6

Appellant Donald R. Miller, Jr., as executor of the Estate of Charles J. Wyly Jr. ("the Estate"), respectfully submits this supplemental brief in accordance with the Court's June 6, 2017 order.

## INTRODUCTION

In its June 5, 2017 opinion in *Kokesh v. SEC*, No. 16-529, 2017 WL 2407471, -- S. Ct. -- (June 5, 2017), the Supreme Court unanimously resolved a key threshold issue in this appeal in favor of the Wylys' longstanding position in this case, holding that the five-year statute of limitations in 28 U.S.C. § 2462, applicable to "any civil fine, penalty, or forfeiture," indeed applies to SEC disgorgement claims. *Kokesh* thus at a minimum requires vacatur of the disgorgement awards against the Estate here, which cover conduct dating back to the early 1990s, and remand for recalculation of any permissible disgorgement award and prejudgment interest pertaining to conduct no earlier than 2001. But in holding that SEC disgorgement remedies are "penalties," *Kokesh* also confirms that the district court erred in substituting the Estate as a defendant in this action in the first place, for only remedial—and not punitive—actions survive a defendant's death. Because the claims for disgorgement cannot survive the death of Charles Wyly in light of *Kokesh*, the Court should now reverse the judgment in its entirety.

In the event the Court disagrees, it should nonetheless address several questions presented by the Wylys' appeal before ordering any vacatur and remand.

Specifically, the Court should address the Estate's appeal from the propriety of both the tax-avoidance and alternative trading-profits methods of disgorgement, as well as the question of whether the district court wrongly granted judgment as a matter of law on the Section 5 claim.

## ARGUMENT

### I. *KOKESH* REQUIRES REVERSAL OR VACATUR OF THE JUDGMENT

In *Kokesh*, the Supreme Court held that "[d]isgorgement in the securities-enforcement context is a 'penalty' within the meaning of § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues." Op. 1 (ECF 165). In so concluding, the Supreme Court reasoned that "SEC disgorgement is imposed by the courts as a consequence for violating . . . public laws," *id.* at 7, and therefore "is imposed for punitive purposes," with deterrence as its primary rationale, *id.* at 8. The Supreme Court also weighed the fact that SEC disgorgement awards are paid to the district court with no requirement that the money go to victims. *Id.* at 8-9. "When an individual is made to pay a noncompensatory sanction to the Government as a consequence of a legal violation, the payment operates as a penalty." *Id.* at 9.

The Supreme Court's holding in *Kokesh* requires reversal of the judgment against the Estate because punitive actions—like the disgorgement sought here—do not survive the death of a defendant and the Estate could not properly be

substituted for Charles Wyly after he passed away. Alternatively, this Court should vacate the disgorgement and prejudgment interest awards and remand for a calculation of any disgorgement pertinent to conduct falling within the now-governing five-year limitations period.

### A. *Kokesh* Confirms That The District Court Wrongly Substituted The Estate Following The Death Of Charles Wyly

As a threshold matter, this Court should reverse the judgment as to the Estate because the district court erred in substituting the Estate as a defendant following the death of Charles Wyly. The Supreme Court's ruling that disgorgement awards in SEC enforcement actions constitute penalties effectively precludes substitution and calls for reversal of the entire judgment.

As the Estate has argued, "[t]o the extent the disgorgement orders in fact operate as penalties, the district court erred in substituting the Estate of Charles Wyly as a party to this action following his death." Opening Br. 22; *see also id.* at 64-65. The SEC and the Estate agree on the operative legal rule: whether an action abates depends "on whether the recovery sought is 'remedial' or 'penal.'" SEC Br. 64 (quoting *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1994)); Reply Br. 28. The district court likewise agreed with this rule, SPA3, but

held that the SEC's claim for disgorgement did not abate because it was "remedial." SPA9.[1]

*Kokesh* effectively rejects any basis for that ruling, and defeats the SEC's argument on appeal that the district "court correctly granted the Commission's motion to substitute Charles Wyly's estate following Charles Wyly's death because the Commission's disgorgement action is remedial, not punitive." SEC Br. 23-24. The Supreme Court in *Kokesh* now has held, expressly contrary to the SEC's argument that disgorgement is remedial, that disgorgement awards are penalties that serve punitive rather than remedial purposes. Op. 10-11 (holding that "disgorgement in this context is a punitive, rather than a remedial, sanction"); *see also id.* at 8 ("Sanctions imposed for the purpose of deterring infractions of public laws are inherently punitive."). The Supreme Court concluded as it did notwithstanding the fact that "disgorgement serves compensatory goals in some cases," noting "sanctions frequently serve more than one purpose." Op. 11 (quoting *Austin* v. *United States*, 509 U. S. 602, 610 (1993)). Thus, in holding categorically that disgorgement awards in SEC enforcement actions are penalties, the Supreme Court has effectively foreclosed any argument by the SEC that

---

[1] While the SEC originally sought injunctive relief and monetary penalties against Charles Wyly, it abandoned those claims, recognizing that such causes of action necessarily abate upon the death of a defendant. SPA2.

4

disgorgement awards may be remedial in certain instances. *Id.* at 10-11. Were there any doubt as to the Supreme Court's categorical holding, however, it bears emphasizing that the specific disgorgement sought and awarded here is, if anything, *more* punitive than most, considering how expansive, novel, and attenuated it is from any violation of securities disclosure laws. Opening Br. 34-52, 54-57; Reply Br. 3-12, 22-24. Furthermore, the SEC has conceded in this case that the disgorgement here is not meant to compensate victims. A173.

Because the Supreme Court now has confirmed in *Kokesh* that the SEC's imposition of disgorgement constitutes a "penalty" that is punitive and not remedial in nature, such awards should abate upon the death of the defendant. Opening Br. 22, 64-65. It follows that the district court erred in substituting the Estate for Charles Wyly and that this Court should reverse the entire judgment as to the Estate.

> **B.    If Disgorgement From The Estate Is Permitted, *Kokesh* Requires Vacatur And Remand To Determine The Post-2001 Disgorgement Award**

If this Court declines to reverse based on the district court's wrongful substitution of the Estate as a defendant, this Court should still vacate the disgorgement awards because they cover conduct ranging far outside the five-year statute of limitations.

5

Under *Kokesh*, "[d]isgorgement, as it is applied in SEC enforcement proceedings, operates as a penalty under §2462. Accordingly, any claim for disgorgement in an SEC enforcement action must be commenced within five years of the date the claim accrued." Op. 11. *Kokesh* thus confirms the correctness of the Estate's argument on appeal that, because "the disgorgement orders serve only as a 'penalty' within the ambit of Section 2462," the disgorgement awards are time-barred to the extent they encompass conduct occurring outside the five-year statute of limitations. Opening Br. 33; *see also id.* 24; Reply Br. 21-22.

Under the Supreme Court's prior holding in *Gabelli v. SEC*, 133 S. Ct. 1216 (2013), any claims the SEC had for violation of the securities laws accrued at the time the conduct occurred. 133 S. Ct. at 1224. Thus, as the Estate explained, Section 2462 bars any disgorgement award covering conduct before February 1, 2001—five years prior to the execution of a tolling agreement between the SEC and the Wylys. Opening Br. 24-25; Reply Br. 15. Because the disgorgement awards here cover conduct dating back to the early 1990s, this Court must (if it does not reverse) vacate the disgorgement awards and remand for recalculation.[2]

---

[2] For the tax-avoidance method of disgorgement, the SEC set forth a year-by-year calculation of disgorgement and prejudgment interest, *see* A932, which the district court relied upon, *see* SPA243. For the alternative trading-profits award, the SEC set forth amounts for three time periods, ending on March 27, 2000, April 10, 2000, and February 23, 2005. ECF 572-1 at 3 (S.D.N.Y. Jan. 9, 2015). The time periods ending in March and April 2000 fall entirely outside the five-year statute of

6

## II. IF REMAND IS ORDERED, THIS COURT SHOULD FIRST DECIDE SEVERAL REMAINING ISSUES RAISED ON APPEAL

In the interest of judicial economy and for the sake of clarity and certainty in any remand proceedings in the event the Court does not reverse on the ground the Estate was improperly substituted, the Court should decide the remaining issues raised on appeal before remanding. Resolution of these questions now will obviate the possible need for renewed appeal and yet another recalculation.

### A. This Court Should Hold The Tax-Based Disgorgement Award Improper

The Estate has challenged the tax-based disgorgement award on various grounds, any one of which would preclude or alter the basis for recalculation of disgorgement.

*First*, adoption of the tax-based disgorgement award invades the exclusive authority of the IRS to assess and collect taxes. Opening Br. 34-40; Reply Br. 4-6. Under 26 U.S.C. § 7401, the IRS alone must authorize any "civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture" therefor. The SEC's intrusion upon IRS tax authority led the district court to wrongly determine, *e.g.*, that the Isle of Man trusts were grantor trusts over which the Wylys had effective control. Opening Br. 39-40, 42; Reply Br. 3-4.

---

limitations. Notably, applying the statute of limitations to either disgorgement theory does away with the vast majority of the award, which is attributable to earlier years undisputedly outside the statute of limitations.

*Second*, because the SEC and the district court neglected to apply the appropriate provisions of the Tax Code, the tax-based disgorgement awards fails to present a reasonable approximation of any taxes owed. Opening Br. 40-43; Reply Br. 4-5. For instance, the SEC failed to base its disgorgement award on a year-by-year calculation of taxes owed versus taxes paid, Opening Br. 41, or to include the taxes paid on the annuity payments, *id.* at 43.

*Finally*, the SEC never demonstrated a causal link between the tax-based disgorgement award and any unjust enrichment from securities disclosure violations. Opening Br. 44-48; Reply B. 6-8. Nothing links the securities disclosure violations to any failure to pay taxes. Opening Br. 47-48; Reply Br. 8.

A ruling in the Estate's favor on any one of these issues could render recalculation on the tax-based disgorgement award unnecessary or, at the very least, require proper application of the relevant Tax Code provisions.

> **B.    This Court Should Hold That The Trading-Profits Disgorgement Award Fails To Reasonably Approximate Any Unjust Enrichment**

If this Court holds the tax-avoidance method of disgorgement was improper, it should address, prior to any remand, the propriety of the methodology for the alternative disgorgement award.

As the Estate explained (Opening Br. 48-51; Reply Br. 9-11), the trading-profits disgorgement award lacks a sufficient causal connection to the securities

disclosure violations at issue. In particular, the SEC failed to meet its burden to "distinguish between the legally and illegally derived profits, so that disgorgement is ordered only with respect to those that were illegally derived," *SEC v. Razmilovic*, 738 F.3d 14, 31 (2d Cir. 2013) (citation and quotation marks omitted), because the SEC's expert failed to compare the Wylys' actual trades to those of a hypothetical insider who possessed the same purported secrecy, information, and liquidity advantages. Opening Br. 48-51; Reply Br. 9-11. Likewise, as the Estate argued, the trading-profits disgorgement award rests upon an unreliable methodology because the SEC's expert compared the rate of return on *options* with a buy-and-hold investor's rate of return on *stock*. Opening Br. 51-52; Reply Br. 11-12. The district court also abused its discretion in crediting the assumption of the SEC's expert that the Wylys obtained a *new* interest in the relevant options when the options were transferred offshore, *contrary* to the jury's finding that the Wylys *retained* beneficial ownership. Opening Br. 52-53; Reply Br. 13-14.

This Court should instruct that such errors be corrected as part of any recalculation of the disgorgement award on remand.

### C. This Court Should Hold The District Court Improperly Granted Judgment As A Matter Of Law On The Section 5 Claims

Finally, this Court should determine, prior to any remand, whether the district court erred in granting judgment as a matter of law as to the Section 5 claims. The SEC's Section 5 claim relating to the Wylys' trading in Michaels

9

Stores shares turned on whether the Wylys are entitled to an exemption under Section 4(a)(1) of the Securities Act of 1933. This Court therefore should decide this issue—which goes to liability—before remanding for recalculation of the disgorgement award on these claims. SPA243 (ordering disgorgement of $4.5 million and $2.085 million in prejudgment interest on Section 5 claims).

As the Estate explained (Opening Br. 58-63; Reply Br. 24-27), the district court failed to apply the governing multi-factored test to analyze whether a transaction may be exempt from the registration provision and then wrongly determined as a matter of law that the transactions were disqualified from consideration under the statutory exemption. Even applying the district court's test (A664), factual issues precluded judgment as a matter of law on whether the offerees knew "the identity of the sellers and their relationship to the issuing company and control persons" because public disclosures made clear that the trusts were affiliated with Michaels as "beneficiaries" of the trusts. Opening Br. 62-63; Reply Br. 27. Correcting for this error would obviate the need for the district court to determine the amount of disgorgement on the Section 5 claims and permit the court on remand to set the issue for a requisite trial on liability.

## CONCLUSION

The judgment should be reversed. Alternatively, the disgorgement awards should be vacated and remanded after resolution of the remaining pending issues.

10

Dated:  June 23, 2017

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Kathleen M. Sullivan
    Kathleen M. Sullivan
    Ellyde R. Thompson
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    (212) 849-7000

    Derek L. Shaffer
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    777 6th Street NW, 11th Floor
    Washington, DC 20001
    (202) 538-8000

    Mark H. Hatch-Miller
    SUSMAN GODFREY, LLP
    560 Lexington Avenue, 15th Floor
    New York, New York 10022-6828
    (212) 336-8330

    *Attorneys for Appellant*

## **CERTIFICATE OF COMPLIANCE**

This supplemental brief complies with the Court's Order of June 6, 2017 (ECF 168) permitting supplemental briefs of up to 10 pages in length.

This brief complies with the typeface requirements of FRAP 32(a)(6) and the type style requirements of FRAP 32(a)(7) because it has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman, 14-point type.

/s/ Kathleen M. Sullivan
Kathleen M. Sullivan
*Attorney for Appellants*

Dated: June 23, 2017