# 15-2821

## IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

U.S. SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

DONALD R. MILLER, JR., in his capacity as the Independent Executor of the Will and Estate of CHARLES J. WYLY, JR., AKA CHARLES J. WYLY, JR.,
*Defendant-Relief Defendant-Appellant*,

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## SUPPLEMENTAL BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION, APPELLEE

ROBERT STEBBINS
General Counsel

MICHAEL A. CONLEY
Solicitor

JACOB H. STILLMAN
Senior Advisor to the Solicitor

HOPE H. AUGUSTINI
DAVID D. LISITZA
DANIEL STAROSELSKY
Senior Litigation Counsels

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5774 (Staroselsky)

---

LOUIS J. SCHAUFELE, III, MICHAEL C. FRENCH, DAVID MATTHEWS, SAMUEL E. WYLY,

*Defendants*,

LISA WYLY, JOHN GRAHAM, KELLY WYLY O'DONOVAN, ANDREW WYLY, CHRISTINA WYLY, CAROLINE D. WYLY, CHARLES J. WYLY, III, EMILY WYLY LINDSEY, JENNIFER WYLY LINCOLN, JAMES W. LINCOLN, CHERYL WYLY, EVAN ACTON WYLY, LAURIE WYLY MATTHEWS, MARTHA WYLY MILLER, EMILY WYLY, CHRISTIANA WYLY,

*Relief-Defendants*.

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

I. *Kokesh* does not disturb the district court's order substituting Charles Wyly's estate for Charles Wyly. .......... 2

A. The district court properly applied survivability law. .......... 2

B. *Kokesh* does not undermine the district court's ruling. .......... 4

II. *Kokesh* does not affect the district court's alternative methods used to measure disgorgement. .......... 8

III. *Kokesh* requires remand of the disgorgement and prejudgment interest awards. .......... 9

CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Barnes Coal Corp. v. Retail Coal Merchants Ass'n*,
128 F.2d 645 (4th Cir. 1942) ....................5

*Bowles v. Farmers Nat'l Bank*,
147 F.2d 425 (6th Cir. 1945) ....................7

*Derdiarian v. Futterman Corp.*,
223 F. Supp. 265 (S.D.N.Y. 1963) ....................3

*Faircloth v. Finesod*,
938 F.2d 513 (4th Cir. 1991) ....................2, 7

*FTC v. Bronson Partners, LLC*,
654 F.3d 359 (2d Cir. 2011) ....................9

*Gabelli v. SEC*,
133 S. Ct. 1216 (2013) ....................5

*Griswold v. Hilton*,
87 F. 256 (C.C. S.D.N.Y. 1898) ....................2

*In re One 1985 Nissan 300ZX*,
889 F.2d 1317 (4th Cir. 1989) (en banc) ....................6

*In re Wood*,
643 F.2d 188 (5th Cir. 1980) ....................7

*Kirk v. CIR*,
179 F.2d 619 (1st Cir. 1950) ....................6

*Kokesh v. SEC*,
No. 16-529 (S. Ct. June 5, 2017) ....................1

*Krull v. SEC*,
248 F.3d 907 (9th Cir. 2001) ....................4

**Cases—Continued:** **Page**

*Malvino v. Delluniversita*,
840 F.3d 223 (5th Cir. 2016) ....................7

*Reiserer v. United States*,
479 F.3d 1160 (9th Cir. 2007) ....................6

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*,
137 S. Ct. 954 (2017)....................8

*Scadron's Estate v. CIR*,
212 F.2d 188 (2d Cir. 1954) (per curiam) ....................6

*SEC v. Cavanagh*,
155 F.3d 129 (2d Cir. 1998) ....................4

*SEC v. Cavanagh*,
445 F.3d 105 (2d Cir. 2006) ....................8

*SEC v. Colello*,
139 F.3d 674 (9th Cir. 1998) .................... 3-4

*SEC v. Grossman*,
1997 WL 231167 (S.D.N.Y. 1997) ....................3

*SEC v. Metter*,
16-526 (2d Cir.) ....................9

*SEC v. Private Equity Mgmt.*,
2010 WL 431712 (C.D. Cal. Feb. 1, 2010) ....................3

*SEC v. Schiffer*,
2001 WL 504860 (S.D.N.Y. May 11, 2001) ....................3

*Sullivan v. Associated Billposters & Distributors of the United States & Canada*, 6 F.2d 1000 (2d Cir. 1925) ....................2, 3

*United States v. $120,751*,
102 F.3d 342 (8th Cir. 1996) ....................6

**Cases—Continued:** **Page**

*United States v. $84,740.00 Currency*,
981 F.2d 1110 (9th Cir. 1992) ......6

*United States v. Land, Winston Cty.*,
221 F.3d 1194 (11th Cir. 2000) ......6

*United States v. Libous*,
858 F.3d 64 (2d Cir. 2017) ......5, 8

*United States v. NEC Corp.*,
11 F.3d 136 (11th Cir. 1994) ......2

*United States v. Price*,
290 F.2d 525 (6th Cir. 1961) ......7

*United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*,
159 F.R.D. 389 (S.D.N.Y. 1994) ......3

*United States v. Volpendesto*,
755 F.3d 448 (7th Cir. 2014) ......8

*Zacharias v. SEC*,
569 F.3d 458 (D.C. Cir. 2009) (per curiam) ......4

**Statutes**

64 Stat. 798 (1950) ......7
102 Stat. 4681 (1988) ......9
109 Stat. 756 (1995) ......9
124 Stat. 1841 (2010) ......9
15 U.S.C. 77t(f) ......9
15 U.S.C. 78t-1(b)(2) ......9
15 U.S.C. 78u(d)(1) ......9
15 U.S.C. 78u(d)(4) ......9
15 U.S.C. 78u-6(a)(4) ......9
28 U.S.C. 2462 ......1, 4

**Other Authorities** **Page**

*Restatement (First) of Restitution* (1937)
§1 cmt.e ........................................................................................................8
§197 & cmt.c ..................................................................................................8

*Survival of Actions Brought Under Federal Statutes*,
63 COLUM. L. REV. 290 (1963)...................................................................2, 3

## INTRODUCTION

The Securities and Exchange Commission files this supplemental brief in response to the Court's June 6, 2017, order directing the Commission and Donald R. Miller, Jr., to address the relevance of the Supreme Court's decision in *Kokesh v. SEC*, No. 16-529 (S. Ct. June 5, 2017), to this case. In the Commission's view, the relevance of *Kokesh* for this appeal is as follows:

1. *Kokesh* does not disturb the district court's order substituting Charles Wyly's estate ("the Estate") for Charles Wyly.
2. *Kokesh* has no effect on the Estate's challenges to either of the alternative methods that the district court used to measure disgorgement. *Kokesh* also does not affect the district court's ruling that the Wylys engaged in an unregistered distribution of securities.
3. *Kokesh*'s ruling that disgorgement is subject to the statute of limitations in 28 U.S.C. 2462 requires a remand with instructions to recalculate the disgorgement and prejudgment interest awards. *Kokesh* does not dispose of the case because the disgorgement claims accrued in part within the limitations period.

Defendant Samuel E. Wyly ("Sam Wyly") voluntarily dismissed his appeal while *Kokesh* was pending (*see* CA2 Dkt.164 (April 6, 2017)), so *Kokesh* does not affect the district court's judgment against Sam Wyly.

## I. *Kokesh* does not disturb the district court's order substituting Charles Wyly's estate for Charles Wyly.

### A. The district court properly applied survivability law.

The survival of a federal cause of action generally is a question of federal common law. *United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1994). The "basic federal rule is that an action for a penalty does not survive, though remedial actions do." *Faircloth v. Finesod*, 938 F.2d 513, 518 (4th Cir. 1991); *see also NEC Corp.*, 11 F.3d at 137 ("[R]esolution of the survivability issue depends on whether the recovery is deemed 'remedial' or 'penal.'").

Reasoning that "executors were not entitled to retain goods which in fact did not belong to their testator," the early common law held that an estate is liable for the wrong of the deceased "to the extent that the wrong had enriched his estate." *Survival of Actions Brought Under Federal Statutes*, 63 COLUM. L. REV. 290 & n.5 (1963). Later "courts of equity [also] recognized the injustice of the abatement of a suit by the death of a party," and held that suits brought in equity "survive in favor of and against personal representatives." *Sullivan v. Associated Billposters & Distributors of the United States & Canada*, 6 F.2d 1000, 1003 (2d Cir. 1925) (citing Judge Story's holding that "equitable remedies exist to the same extent against executors and administrators as they did against the decedent"); *Griswold v. Hilton*, 87 F. 256 (C.C. S.D.N.Y. 1898) (patent suit seeking accounting for profits survives). The "modern trend" in the case law has been "toward permitting

survival" (63 COLUM. L. REV. at 300), and courts have uniformly held that Commission disgorgement claims are remedial and survive a defendant's death.[1]

The district court correctly applied these principles in holding that the Commission's claim for disgorgement survived Charles Wyly's death. Mr. Wyly used a network of offshore trusts for the express purpose of passing to his estate after his death certain assets, including what he knew to be ill-gotten gains. A-1023-1049. It would frustrate equity if the scheme's success, achieved through legal vehicles designed to survive his death and act as a paper shield for those gains, meant that the scheme's proceeds were beyond a court's reach. And the disgorgement claim is not "personal" (*Sullivan*, 6 F.2d at 1005), but seeks to recover only the proceeds of the violations. Therefore, as the district court reasoned (SPA-43-44), survival of the action is supported by cases recognizing courts' authority to order disgorgement against relief defendants—parties that are "not accused of wrongdoing," but are "joined purely as a means of facilitating collection" because they possess proceeds of the violations. *SEC v. Colello*, 139

---

[1] *See, e.g. SEC v. Schiffer*, 2001 WL 504860 (S.D.N.Y. May 11, 2001); *SEC v. Grossman*, 1997 WL 231167 (S.D.N.Y. 1997); *SEC v. Private Equity Mgmt.*, 2010 WL 431712 (C.D. Cal. Feb. 1, 2010); *see also Derdiarian v. Futterman Corp.*, 223 F. Supp. 265 (S.D.N.Y. 1963) (private securities action survives defendant's death); *United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc.*, 159 F.R.D. 389, 391 (S.D.N.Y. 1994) (civil RICO action seeking divestiture and disgorgement survives defendant's death).

F.3d 674, 676 (9th Cir. 1998); *accord SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998).[2]

**B. *Kokesh* does not undermine the district court's ruling.**

**1.** *Kokesh*'s holding that disgorgement "is a penalty within the meaning of [28 U.S.C.] §2462" (Op.1) should not be interpreted to cast doubt on the district court's resolution of the survivability issue because a claim may be construed differently for purposes of Section 2462 than it is for other purposes. For example, *Krull v. SEC* held that an earlier case that "only addressed whether the sanction imposed was a 'penalty' for the purposes of the statute of limitations defined under 28 U.S.C. 2462" was not controlling in determining whether equitable relief was *substantively* "punitive rather than remedial." 248 F.3d 907, 914 & n.9 (9th Cir. 2001).[3] Likewise, the analysis in *Kokesh* does not map onto the survivability case law, which is animated by different concerns.

---

[2] In contrast, upon Mr. Wyly's death, the Commission abandoned its claims for civil penalties, an injunction against future violations, and a bar from acting as an officer or director of a public company. SPA-26. Unlike disgorgement, those remedies involve factors—such as the likelihood of future wrongdoing—whose consideration makes no sense when the defendant has died.

[3] *See also Zacharias v. SEC*, 569 F.3d 458, 470-71 (D.C. Cir. 2009) (per curiam) (similar). The Estate recognized this point below when, despite arguing that disgorgement is a penalty under Section 2462, it correctly contended that the Commission was not entitled to a jury trial on its insider trading claim because civil penalties for that claim were time barred, and only the "equitable" remedy of disgorgement remained available. Dkt.256 at 1 (Feb. 12, 2014).

In interpreting Section 2462, the Supreme Court has sought to advance "the basic policies of all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities." *Gabelli v. SEC*, 133 S. Ct. 1216, 1221 (2013). Survivability cases, in contrast, ask whether an action would "achieve its purpose as well after [the defendant's] death … as before." *Barnes Coal Corp. v. Retail Coal Merchants Ass'n*, 128 F.2d 645, 649 (4th Cir. 1942). Extending *Kokesh*'s Section 2462 analysis to survival case law would not advance the goals of either doctrine. The purposes of Section 2462 are fully achieved by limiting the Estate's disgorgement liability to the amount for which Mr. Wyly would have been liable before his death. But for the portion of the case that was timely brought, nothing in *Kokesh* suggests that the continuation of the suit after Mr. Wyly's death is punitive.

**2.** In any event, under survivability law, disgorgement survives even if it is in some sense a penalty. *Kokesh* reasoned that a sanction that "cannot fairly be said *solely* to serve a remedial purpose" constitutes punishment (Op.11), but in survival cases, courts have applied the opposite rule: an action that is punitive in part survives so long as it also achieves remedial ends.[4]

[4] Criminal actions have been held to abate based on unique considerations, such as the presumption of innocence, that are not applicable here. *See United States v. Libous*, 858 F.3d 64 (2d Cir. 2017). Civil actions generally survive against defendants, as discussed below.

For instance, civil forfeiture actions "constitute a hybrid procedure of mixed civil and criminal law elements" (*United States v. $84,740.00 Currency*, 981 F.2d 1110, 1113 (9th Cir. 1992)), but such actions do not abate upon the death of the property owner (*see id.*) because they serve the remedial goals of making violations unprofitable and advancing deterrent purposes "distinct from any punitive purposes" (*United States v. Land, Winston Cty.*, 221 F.3d 1194, 1198 (11th Cir. 2000)); *see also United States v. $120,751*, 102 F.3d 342 (8th Cir. 1996); *In re One 1985 Nissan 300ZX*, 889 F.2d 1317 (4th Cir. 1989) (en banc). Likewise, civil tax fraud penalties "serve the traditional aims of retribution and deterrence to some extent," but these penalties survive because they serve the remedial purposes of reimbursing the government for the costs in investigating tax fraud and for possible lost tax revenue. *Reiserer v. United States*, 479 F.3d 1160, 1164 (9th Cir. 2007); *see also Kirk v. CIR*, 179 F.2d 619, 621 (1st Cir. 1950) (50% "addition" to tax assessment based on fraud survives even though it "[n]o doubt … operates in some measure to punish taxpayers for their fraud" and "[n]o doubt … has a deterrent effect" upon third parties) (followed in *Scadron's Estate v. CIR*, 212 F.2d 188 (2d Cir. 1954) (per curiam)).[5]

---

[5] Courts have used a comparable analysis in private actions. For instance, the Fourth Circuit acknowledged that—because RICO "contains criminal penalties, which cannot possibly be considered 'remedial'" and "the treble damages available to civil RICO plaintiffs doubtless have incidental punitive as well as remedial

Thus, even if disgorgement is considered partly penal under *Kokesh*, it nevertheless should survive because it also serves the remedial purposes of preventing unjust enrichment and protecting the public interest. It would be a considerable anomaly if civil forfeiture and tax penalty actions were held to survive a defendant's death but disgorgement claims were not, particularly on the facts of this case, where the scheme's purpose was to pass assets to the Estate.

Nor does *Kokesh* support the Estate's argument (Reply Br.28) that survivability turns on whether the relief sought is compensatory.[6] Although *Kokesh* held that disgorgement is subject to Section 2462 because it is not wholly compensatory, it did not hold that disgorgement must be compensatory to be

effects"—"civil RICO is a square peg, and squeeze it as we may, it will never comfortably fit in the round holes of the remedy/penalty dichotomy." *Faircloth*, 938 F.2d at 518. But because a RICO action is primarily remedial, the court held that it survives notwithstanding its punitive aspects. *Id.*; *see also Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016) (because "the survivability question … turns on the primary nature of [RICO], which is remedial," precedent asking whether RICO damages are "*at all* punitive"—and thus may be imposed against municipalities—is inapposite); *In re Wood*, 643 F.2d 188, 190 (5th Cir. 1980) ("That a penalty is imposed [by a double damages provision] does not end our inquiry" because the court "must still determine whether a [Truth in Lending Act] action for statutory damages is penal for the purpose of survival.").

[6] The Estate principally relies on *United States v. Price*, 290 F.2d 525 (6th Cir. 1961), but the statute there (64 Stat. 798, 811 (1950)) authorized "treble damages" designed to punish by imposing "extraordinary liability" (*Bowles v. Farmers Nat'l Bank*, 147 F.2d 425, 426, 429 (6th Cir. 1945)). *Price* thus is best understood as an exception to the general rule that civil actions survive. It does not undermine the survival of equitable actions for disgorgement, limited to unjust enrichment.

equitable. Disgorgement is traced to the equitable remedy of accounting (*SEC v. Cavanagh*, 445 F.3d 105, 116 (2d Cir. 2006)), and the Court recognized this Term that a remedy, such as accounting, can be equitable even if it is non-compensatory. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods.*, 137 S. Ct. 954, 964 (2017) ("The remedy of damages seeks to compensate … whereas the remedy of an accounting … sought disgorgement of ill-gotten profits."); *see Restatement (First) of Restitution* §1 cmt.e, §197 & cmt.c (1937) (discussing non-compensatory equitable remedies); *Cavanagh*, 445 F.3d at 117 (that disgorgement is not limited to "simple compensatory relief … illustrates the equitable nature of the remedy").

And whereas *Kokesh* emphasized disgorgement's non-compensatory nature in ruling that disgorgement actions should be subject to a time limit, survivability cases have not assigned the same weight to how funds are distributed. This explains both the cases holding that civil forfeiture actions survive even though they are not compensatory, as well as cases holding that, although restitution *is* compensatory, not penal (*Kokesh* Op.9), restitution awarded as part of a sentence in a criminal case abates upon the defendant's death (*United States v. Volpendesto*, 755 F.3d 448, 453 (7th Cir. 2014) (cited in *Libous*, 858 F.3d 64).

## II. *Kokesh* does not affect the district court's alternative methods used to measure disgorgement.

*Kokesh* does not undermine the district court's alternative methods for measuring disgorgement and should not be interpreted to call into question a

district court's authority to order disgorgement—a remedy that is "well-established … in the Second Circuit" (*FTC v. Bronson Partners, LLC*, 654 F.3d 359, 372 (2d Cir. 2011)), and is reflected in numerous congressional enactments. *See*, *e.g.*, 15 U.S.C. 78t-1(b)(2), 102 Stat. 4681 (1988) (authorizing right to offset liability in private rights of action against disgorgement in Commission injunctive actions under Exchange Act 21(d)(1), 15 U.S.C. 78u(d)(1)); 15 U.S.C. 77t(f), 78u(d)(4), 109 Stat. 756-57 (1995), 15 U.S.C. 7246(a), (c), 116 Stat. 784-85 (2002) (dictating the uses of sums obtained in disgorgement); 15 U.S.C. 78u-6(a)(4), 124 Stat. 1841-42 (2010) (recognizing that "disgorgement" is available in "judicial or administrative action[s]"). Since the Estate has argued only that *Kokesh* means that the disgorgement award "in this case" is "largely time-barred" (June 5, 2017, FRAP 28(j) letter), and has not claimed that *Kokesh* has broader effect, we will not discuss the authority question in further detail unless the Court so orders.[7]

## III. *Kokesh* requires remand of the disgorgement and prejudgment interest awards.

*Kokesh*'s holding that "disgorgement actions must be commenced within five years of the date the claim accrues" (Op.1) requires a remand for recalculation of the disgorgement and prejudgment interest awards because those awards are

---

[7] The Court should be aware that on June 19, 2017, at the Court's direction, the Commission filed a supplemental brief addressing *Kokesh* in another pending case. *See SEC v. Metter*, Dkt.122, 16-526 (2d Cir.) (oral argument held Mar. 28, 2017).

based in part on conduct outside the five-year period. *Kokesh* does not dispose of this case entirely because, as a result of tolling agreements, disgorgement is timely for all claims that accrued on or after February 1, 2001. A-237; SPA-49. The Wylys' fraud and disclosure violations continued until April 2005 (SEC Br.15), and their sales of securities in unregistered transactions took place as late as November 2001 (SPA-50). Accordingly, unless the Court agrees with the Estate's merits challenges to disgorgement and liability, a remand for recalculation of the timely sought disgorgement is required.[8]

## CONCLUSION

*Kokesh* requires remand of the district court's disgorgement and prejudgment interest awards, but it does not otherwise disturb the district court's judgment.

---

[8] Although the precise calculations should be performed on remand, as a result of *Kokesh* the Estate's disgorgement obligation will be reduced substantially. *See* A-932. Because the funds already on deposit in the district court's registry will likely exceed the ultimate judgment, on June 8, 2017, the Commission withdrew its district court motions for repatriation of assets and an order to show cause why the Executor should not be held in contempt for failing to pay the judgment. Dkt.729. The Commission also advised (*id.*) the court that the Commission no longer views the asset freeze with respect to the Charles Wyly Relief Defendants as necessary to secure the judgment, and the court vacated the freeze several days later (Dkt.731).

Respectfully submitted,

ROBERT STEBBINS
General Counsel

MICHAEL A. CONLEY
Solicitor

JACOB H. STILLMAN
Senior Advisor to the Solicitor

HOPE H. AUGUSTINI
DAVID D. LISITZA
DANIEL STAROSELSKY
Senior Litigation Counsels

*/s/ Daniel Staroselsky*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-5774 (Staroselsky)

JUNE 2017

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface—Times New Roman, at least 14 point—using Microsoft Word. I also certify that this brief complies with the volume limitation of this Court's June 6, 2017, order because this brief contains no more than 10 double-spaced pages.

/s/ *Daniel Staroselsky*
Daniel Staroselsky

June 23, 2017

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2017, I electronically filed the supplemental brief of the Securities and Exchange Commission using the Court's CM/ECF system. Participants in this case are represented by a registered CM/ECF user, and service will be accomplished by the appellate CM/ECF system.

/s/ *Daniel Staroselsky*
Daniel Staroselsky